CRICHTON, J.,
additionally concurs and assigns reasons.
Iil agree with the decision to deny the writ. I write separately to observe that the stated purpose of the “backup” judge rule contained in Appendix 14.0A in the Caddo Parish district court rules is to promote “judicial efficiency and the efficient administration of justice.”
As required by the rule, in this case, after the defendant objected to the transfer, the district court held a hearing to ensure the defendant’s due process rights were protected and, because the rule was new, provided defense counsel a copy of the rule. Additionally, as made clear by the hearing conducted by the district court, there was no manipulation — actual or otherwise — -in this case. See generally State v. Nunez, 15-1473, p. 7 (La.1/27/16), — So.3d-, 2016 WL 314761 (“Where an allotment system is sufficiently random and does not vest in the District Attorney the routine ability to select Judges, the burden is on the defendant to show some actual manipulation or resulting prejudice in his particular case.”). As noted by-the court of appeal in this case, “the section judge made the determination whether to permit the backup judge to hear this case” *746 and there is “no evidence in this record that the district attorney sought any advantage or would obtain any advantage by trying the case” before the transferee judge. State v. Baker, 49-841, p. 25 (La.App. 2 Cir. 5/20/15), 166 So.3d 1152, 1167.
[ 2FinaIly, I note that the district court rule contained in Appendix 14.0A has been successfully utilized by two district court judges, specifically approved by three appellate court judges, ánd now reviewed by seven Supreme Court justices, who, by unanimous denial of this writ, have found no Rule X criteria that would require the exercise of supervisory jurisdiction. In my view, this rule, as implemented in these circumstances, achieves its objective of “judicial efficiency and the efficient administration of justice”.